```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

KEVIN CHARLES GUILLOT                    CIVIL ACTION

VERSUS                                   NO: 10-2092

COASTAL COMMERCE BANK, ET                SECTION: "A" (4)
AL.

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss Pursuant to Rule 12(b)(1), or Alternatively, 12(b)(6) (Rec. Doc. 11)** filed by defendants Coastal Commerce Bank, Sharon Bergeron, Donna McKey, Mark Folse, and Chip Ourso. Plaintiff, Kevin Charles Guillot, opposes the motion. The motion, set for hearing on October 27, 2010, is before the Court on the briefs without oral argument.[1] For the reasons that follow, the motion is GRANTED.

### I. BACKGROUND

Plaintiff Kevin Charles Guillot filed this lawsuit against Coastal Commerce Bank, Stephanie Hurry, Sharon Bergeron, Donna McKey, Mark Folse, and Chip Ourso pursuant to 42 U.S.C. 1983 and state law. Guillot alleges *inter alia* that the defendants, all of whom are private citizens, are liable for false arrest in violation of the Fourth and Fourteenth Amendments.

---

[1] Movers have requested oral argument but the Court is not persuaded that oral argument would be helpful.

1

Guillot was an investor in Regency Finance, LLC, an entity in the business of making small consumer loans to individuals. Defendant Coastal Commerce Bank financed Regency's operations, taking Regency's promissory notes for its collateral. Guillot alleges that in September 2007 Regency's president, Wade Duet, approached him with an offer to become a 50 percent partner in the business. At about that same time, defendant Stephanie Hurry began working for Regency as its office manager. Guillot alleges that shortly thereafter defendants Mark Folse, Sharon Bergeron, and Chip Ourso--all principals of defendant Coastal Commerce Bank--insisted that he take over financial management of Regency. Duet was forced to relinquish his ownership.

Regency was struggling financially and Guillot became aware of some questionable and possibly illegal practices by Duet. Guillot complains that Coastal Commerce allegedly did not follow through on some commitments to Guillot that might have allowed Regency to recover financially after Duet was removed. In February 2009 Regency was served with three lawsuits for refusing to pay interest to debt holders--interest that Coastal Commerce had forced Regency to discontinue--yet Coastal Commerce refused to assist with the legal defense. In June 2009, Coastal Commerce called Regency's promissory note without notice and the office manager, Stephanie Hurry, went to work for Coastal.

Guillot was contacted by detectives with the Terrebonne

Parish Sheriff's Department to come in for questioning.  Guillot appeared with counsel and was advised that he was being arrested for 81 counts of insurance fraud, misappropriation of insurance premiums, and bank fraud.  The detective told Guillot that Stephanie Hurry had given a statement that Guillot had instructed her not to forward insurance premiums on customer loans to the insurance company.  Guillot spent three days in jail.  Guillot alleges that Hurry knew that the statement was false, and Guillot later learned that Hurry had been forging his signature on Regency's checks and booking false loans to existing customers.

Guillot contends that Coastal Commerce Bank, Sharon Bergeron, Stephanie Hurry, Donna McKey, Mark Folse, and Chip Ourso so entangled themselves with the Terrebonne Parish Sheriff's Office so as to become active and willful participants in state action, including the investigation, false arrest, and imprisonment of Guillot.  The sole asserted basis for jurisdiction in federal court is 28 U.S.C. § 1331 (federal question jurisdiction) and § 1343(a)(3) (civil rights) grounded on the § 1983 civil rights claim.  Guillot also invokes supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367.

Defendants[2] now move to dismiss the federal claims

---

[2] The motion was not filed on behalf of defendant Stephanie Hurry, who has not made an appearance in the lawsuit.  Nonetheless, the Court can dismiss an action pursuant to Rule

contending that Guillot fails to state a claim under § 1983 because they are not state actors. Defendants urge the Court to decline to retain jurisdiction over the state law claims.

## II.  DISCUSSION

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Lormand v. US Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Lovick v. Ritemoney, Ltd., 378 F.3d 433, 437 (5th Cir. 2004)).  However, the foregoing tenet is inapplicable to legal conclusions. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. (citing Bell Atlantic Corp. v. Twombly, 550, U.S. 544, 555 (2007)).

To state a claim under § 1983 a plaintiff must allege facts tending to show 1) that he has been deprived of a right secured by federal law, and 2) that the deprivation was caused by a person or persons acting "under color of" state law. Bass v.

---

12(b)(6) on its own motion so long as the procedure employed is fair. Tex. Carpenters Health Ben. Fund v. Philip Morris, Inc., 21 F. Supp. 2d 664, 679 (E.D. Tex. 1998) (citing Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998); Guthrie v. Tifco Indus., 941 F.2d 374, 379 (5th Cir. 1991)). Movers' argument challenging state action for purposes of § 1983 also applies to defendant Hurry.

Parkwood Hosp., 180 F.3d 234, 241 (5th Cir. 1999) (citing Flagg Bros. v. Brooks, 436 U.S. 149 (1978)). "Under 'color' of law" means under "pretense of law." Bustos v. Martini Club, Inc., 599 F.3d 458, 464 (5th Cir. 2010) (quoting Screws v. U.S., 325 U.S. 91, 111 (1945)). A person acts under color of state law if he misuses "power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Bustos, 599 F.3d at 464 (quoting West v. Atkins, 487 U.S. 42, 49 (1988)).

Private action may be deemed state action for purposes of § 1983 only where the challenged conduct may be "fairly attributable to the state." Bass, 180 F.3d at 241 (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982)). The fair attribution test has two parts: First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a person who may fairly be said to be a state actor. Id. (quoting Lugar, 102 S. Ct. at 2753-54). Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. Id. This may be because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state. Id.

One test that courts use to determine whether private conduct is chargeable to the state is the nexus or joint action

test.[3]  Under the nexus or joint action test, state action may be found where the government has "so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise."  Bass, 180 F.3d at 242 (quoting Jackson v. Metro. Edison Co., 419 U.S. 345 (1974)).

However, the law is clear that private parties do not become state actors when they merely call upon law enforcement for assistance.  See, e.g., Polacek v. Kemper County, – F. Supp. 2d –, 2010 WL 2629717, at *5 (S.D. Miss. June 28, 2010).  Private citizens who provide information to the police do not become state actors for purposes of § 1983 when the police rely upon that information to effect an arrest.  Daniel v. Ferguson, 839 F.2d 1124, 1130 (5th Cir. 1988).  And it does not matter that the citizen knew that the information given to police was false. Polacek, 2010 WL 2629717, at *5 (citing Kahermanes v. Marchese, 361 F. Supp. 168, 171 (E.D. Pa. 1973)).  Such conduct may very well be tortious but the subjective intent of the private citizen is not determinative in providing a basis for state action.  Absent joint conduct between law enforcement and the private citizen, such as during a conspiracy, or a special relationship between law enforcement and the private citizen, the conduct of the private citizen is not fairly attributable to the state.

---

[3] The public function test and the state compulsion test are not implicated under these facts.

Daniel, 839 F.2d at 11-30-31; Polacek, 2010 WL 2629717, at *6; Kelly v. Spurgeon, No. 09-941, 2010 WL 668825 (N.D. Tex. Feb. 25, 2010).

In the instant case, the complaint contains no factual allegations to support the inference that the conduct of the private defendants is fairly attributable to the state. The allegation is that Stephanie Hurry made false statements to the police upon which they relied to arrest Guillot. Nothing in the complaint suggests that the state law enforcement officers, none of whom have been sued, either conspired with Defendants or acted in concert with them in any way. Again, the law is clear that simply providing information to law enforcement, even false information, does not transform a private citizen into a state actor for purposes of § 1983. Guillot's conclusory allegation that Defendants acted under color of state law is insufficient to withstand dismissal. The complaint fails to state a claim for relief under § 1983 and the motion to dismiss the federal claims is GRANTED.

The sole basis alleged for original jurisdiction is federal question based on the § 1983 claim. That claim having been dismissed, and this case being in its infancy, the Court declines to exercise supplemental jurisdiction over the pendent state law claims.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Pursuant to Rules 12(b)(1) or Alternatively 12(b)(6) (Rec. Doc. 11)** filed by defendants Coastal Commerce Bank, Sharon Bergeron, Donna McKey, Mark Folse, and Chip Ourso is **GRANTED.** Plaintiff's complaint is **DISMISSED** <u>with</u> prejudice as to the federal claims and **DISMISSED** <u>without</u> prejudice as to the state law claims.

November 19, 2010

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE